The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE DUWAMISH TRIBE, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>DEB HAALAND, et al.,<br><br>      Defendants. | No. 22-cv-0633 (JCC)<br><br>DEFENDANTS' OPPOSITION TO THE MUCKLESHOOT TRIBE'S MOTION TO INTERVENE AS A DEFENDANT |

The Court should deny the Muckleshoot Indian Tribe's request to intervene as of right because Muckleshoot does not meet the requirements of Federal Rule of Civil Procedure 24(a)(2). Specifically, Muckleshoot does not demonstrate how its ability to protect its interests would be impaired by the disposition of this action. Moreover, the United States adequately represents Muckleshoot's interests in defending this litigation. Accordingly, the Court should deny Muckleshoot's motion to intervene as of right.[1]

## BACKGROUND

This is Plaintiffs' second lawsuit challenging the Department of Interior's final administrative determination denying the Duwamish Tribe federal tribal recognition. *See* First

---

[1] Defendants do not oppose Muckleshoot's alternative request for permissive intervention.

DEFENDANTS' OPPOSITION TO THE MUCKLESHOOT TRIBE'S
MOTION TO INTERVENE AS A DEFENDANT
CASE NO. 22-CV-0633 (JCC) - 1

U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION
150 M St NE
Washington, DC 20002
202-305-0420

Am. Compl. (ECF No. 2) ¶ 2. In the prior lawsuit, Plaintiffs brought claims under the Administrative Procedure Act ("APA") and Fifth Amendment of the U.S. Constitution to challenge the Department's 2001 determination that the Duwamish Tribe failed to demonstrate that it met the regulatory requirements for federal recognition. *See Hansen v. Kempthorne*, Civ. A. No. 08-0717 (JCC) (W.D. Wash.) (Complaint filed on May 7, 2008).

Muckleshoot moved to intervene as a defendant in *Hansen*, which the Court denied[2] and later limited Muckleshoot's participation to *amicus curiae*.[3] Ultimately, the Court granted Plaintiffs' motion for summary judgment and vacated and remanded the Department's decision "to either consider the Duwamish petition under the [Department's updated] 1994 acknowledgement regulations or explain why it declines to do so." *Hansen v. Salazar*, Civ. A. No. 08-0717 (JCC), 2013 WL 1192607, at *11 (W.D. Wash., Mar. 22, 2013).

Plaintiffs filed the instant action in May 2022 to challenge the Department's post-remand decision that again declined to recognize Plaintiffs under the Department's acknowledgment regulations. *See* First Am. Compl. ¶ 2. Like their earlier lawsuit, Plaintiffs bring their claims under the APA and Fifth Amendment. *Id.* Muckleshoot has now moved to intervene in this action. *See generally* Mot. to Intervene (ECF No. 14).

**STANDARD OF REVIEW**

For intervention of right under Rule 24(a)(2), "the claim or defense for which intervention is sought," Fed. R. Civ. P. 24(c), must be such that the person who seeks to

---

[2] *See Hansen v. Kempthorne*, Civ. A. No. 08-0717 (JCC), 2008 WL 11508392, at *1 (W.D. Wash., Oct. 7, 2008).

[3] *See Hansen v. Kempthorne*, Civ. A. No. 08-0717 (JCC), 2008 WL 11508392, at *1 (W.D. Wash., Oct. 7, 2008).

DEFENDANTS' OPPOSITION TO THE MUCKLESHOOT TRIBE'S
MOTION TO INTERVENE AS A DEFENDANT
CASE NO. 22-CV-0633 (JCC) - 2

U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION
150 M Street NE
Washington, DC 20002
202-305-0420

intervene (1) "claims an interest relating to the property or transaction that is the subject of the action" and (2) "is so situated that disposing of the action may as a practical matter impair or impede [its] ability to protect its interest." Fed. R. Civ. P. 24(a)(2). Even if those requirements are met, there is no right to intervene if the "existing parties [in the action] adequately represent that interest." *Id.*

Courts in this Circuit apply the following four-part test when analyzing a motion to intervene of right under Rule 24(a)(2):

(1) the motion must be timely;

(2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;

(3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and

(4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

**ARGUMENT**

Muckleshoot fails to show that the disposition of this APA-based action would impair its ability to protect its interests because there are no property or treaty rights at stake in this litigation. In addition, the United States adequately represents any interest Muckleshoot could have in this action because it concerns only whether the Department's decision was rational and lawful. Accordingly, the Court should deny Muckleshoot's request to intervene by right.[4]

---

[4] As noted, the United States does not challenge Muckleshoot's motion to the extent it seeks to participate as *amicus* or, alternatively, via permissive intervention. The United States also does not dispute that Muckleshoot's motion is timely.

DEFENDANTS' OPPOSITION TO THE MUCKLESHOOT TRIBE'S
MOTION TO INTERVENE AS A DEFENDANT
CASE NO. 22-CV-0633 (JCC) - 3

U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION
150 M Street NE
Washington, DC 20002
202-305-0420

## I. Muckleshoot Fails to Establish a Significant Protectable Interest in This Action.

*First*, Muckleshoot claims no property rights at issue in this tribal recognition case between the United States and Plaintiffs. Rather, Muckleshoot argues that Plaintiffs seek relief that is contrary to the Court's judgment in other litigation involving claims to treaty rights in the State of Washington. *See* Mot. to Intervene at 2 (citing *United States v. Washington (Washington II)*, 476 F. Supp. 1101, 1104 (W.D. Wash. 1979), *aff'd*, 641 F.2d 1368 (9th Cir. 1981)). Specifically, Muckleshoot asserts an interest in protecting its treaty fishing rights and "ownership and control . . . of cultural items recovered from Duwamish village sites," *see id.* at 8, which Muckleshoot asserts would be "substantially affected" by a determination in this action. *Id.* at 9. Muckleshoot is incorrect.

Plaintiffs challenge the Department's decision not to recognize Plaintiffs as an Indian tribe. The case is therefore similar to *Hansen* and *Greene v. United States*, 996 F.2d 973, 978 (9th Cir. 1993), where the courts found that although treaty rights and recognition are related, they raise fundamentally different issues. Specifically, in *Greene*, the Ninth Circuit affirmed the district court's denial of a tribe's motion to intervene because, among other things, "[f]ederal recognition does not self-execute treaty rights claims[.]" 996 F.2d at 978. Thus, none of the determinations regarding Muckleshoot's treaty rights in the *Washington* litigation would be impacted by any ruling or remand in this case challenging the Department's decision not to recognize Plaintiffs as an Indian tribe.

Muckleshoot attempts to resist this conclusion by focusing on Plaintiffs' first request for relief, *see* Mot. to Intervene at 7, which requests a declaratory judgment that "the Duwamish Tribe has been recognized by Congress and other federal authorities as an Indian tribe within the

DEFENDANTS' OPPOSITION TO THE MUCKLESHOOT TRIBE'S
MOTION TO INTERVENE AS A DEFENDANT
CASE NO. 22-CV-0633 (JCC) - 4

**U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION**
150 M Street NE
Washington, DC 20002
202-305-0420

meaning of the List Act and as the successor in interest to the Tribe that signed the Treaty of Point Elliott." First Am. Compl. ¶ 143. But that request, on its face, does not assert any treaty or property rights that would implicate any of Muckleshoot's competing rights or interests because treaty rights must be litigated separately from recognition. *See United States v. Washington*, 593 F.3d 790, 801 (9th Cir. 2010) ("There are good reasons for adhering to the rule that treaty tribes are not entitled to intervene in recognition decisions to protect against possible future assertions of treaty rights by the newly recognized tribe, whether or not that tribe has previously been the subject of a treaty rights decision."). This case involves recognition, not treaty rights.

As this Court has previously recognized, binding Ninth Circuit precedent in *Greene* holds that intervention is inappropriate in an action involving federal tribal recognition and not treaty rights. *See Hansen*, 2008 WL 11508392, at *4. To be sure, this Court previously noted some "tension" in the Ninth Circuit's precedent for intervention in such cases. *Id.* at *3. As noted, the Ninth Circuit held in *Greene* that federal recognition cases did not implicate treaty rights. 996 F.2d at 978. Subsequently, in *United States v. Washington (Washington III)*, the Ninth Circuit reversed the district court's denial of the motion to reopen the case to reconsider a tribe's treaty rights because, in that case, the panel found that federal recognition was highly relevant to the determination of treaty rights. 394 F.3d 1152, 1159 (9th Cir. 2005) ("[A]lthough we have never explicitly held that federal recognition necessarily entitles a signatory tribe to exercise treaty rights, this is an inevitable conclusion."), *overruled*, 593 F.3d 790 (9th Cir. 2010) (en banc). In denying Muckleshoot's motion to intervene in *Hansen*, the Court found that "the holding in *Greene* [is] still the law of the Ninth Circuit," *Hansen*, 2008 WL 11508392, at *4, and in *United States v. Washington* (*Washington IV*), the Ninth Circuit ultimately resolved any inconsistency

DEFENDANTS' OPPOSITION TO THE MUCKLESHOOT TRIBE'S
MOTION TO INTERVENE AS A DEFENDANT
CASE NO. 22-CV-0633 (JCC) - 5

**U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION**
150 M Street NE
Washington, DC 20002
202-305-0420

that had arisen between *Washington III* and the earlier *Greene* case "in favor of the *Greene* proposition: recognition proceedings and the fact of recognition have no effect on the establishment of treaty rights." 593 F.3d at 793. That holds true today and Muckleshoot does not argue otherwise. Thus, as in *Hansen*, the case challenges denial of federal recognition and intervention as of right should be denied.

In sum, Muckleshoot fails to point to any authority undermining *Greene* and similarly fails to establish that its interests would be impaired by the outcome of this litigation. Indeed, because this case arises under the APA, if the Court finds the Department's decision to be arbitrary and capricious or unlawful after its review of the administrative record, "the proper course [is] to remand to the [a]gency." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 657 (2007); *see* First Am. Compl. ¶¶ 143, 145-47 (seeking relief under Section 706 of the APA). If the Court were to rule in Defendants' favor, Muckleshoot's interests would not be impaired. And if the Court were to rule in Plaintiffs' favor and remand the matter back to the Department, that outcome would not impair Muckleshoot's interests because a remand would enable the Department to further consider the Duwamish Tribe's application under the relevant factual and legal backdrop. Even if the Department were to reverse its recognition decision upon remand, Muckleshoot could presumably directly challenge the Department's decision in a new lawsuit (assuming they would have standing to do so), and treaty rights issues would be resolved in the *Washington* litigation. Thus, Muckleshoot's interests are not impaired here.

II. **The United States Adequately Represents Muckleshoot's Interests.**

*Second*, even assuming impairment, Muckleshoot fails to demonstrate that the United States cannot adequately represent its purported interests in this litigation. As noted, this case

DEFENDANTS' OPPOSITION TO THE MUCKLESHOOT TRIBE'S
MOTION TO INTERVENE AS A DEFENDANT
CASE NO. 22-CV-0633 (JCC) - 6

**U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION**
150 M Street NE
Washington, DC 20002
202-305-0420

involves judicial review under the APA of the Department's post-remand decision based on the Department's administrative record. The United States is fully capable of representing the interests of nonparties in this particular suit, where the question before the court is solely whether the Department's decision is rational and complies with the law. Here, the Department declined the Duwamish Tribe's request for federal recognition and has fully defended that denial in *Hansen* and in this litigation. Given this posture, it is incumbent on Muckleshoot to demonstrate why the United States could not adequately represent its interests here. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (noting that if the proposed intervenor's interest is "identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation" (citation omitted)).

Muckleshoot's effort to show inadequate representation by the Federal Government falls short. Indeed, Muckleshoot concedes that it "share[s] the view that the challenged government decision-making process was fair and complied with the requirements of due process and the APA[.]" Mot. to Intervene at 11. Nevertheless, Muckleshoot argues that the United States cannot adequately represent its interests because of its potential to reverse course in its recognition of the Duwamish Tribe. *See id.* (citing *Cherokee Nation v. Babbitt*, 117 F.3d 1489, (D.C. Cir. 1997). But Muckleshoot's reliance on *Cherokee Nation* is misplaced.

In *Cherokee Nation*, the D.C. Circuit held that the Department could not adequately represent the interests of an absent tribe in an action seeking review of a recognition decision. 117 F.3d at 1497. The Court ultimately found that the United States' interests diverged from the absent tribe because the Department had twice reversed its position regarding the tribe's sovereignty. *Id.* Here, Muckleshoot merely asserts that it is "possible that at some point in the

DEFENDANTS' OPPOSITION TO THE MUCKLESHOOT TRIBE'S
MOTION TO INTERVENE AS A DEFENDANT
CASE NO. 22-CV-0633 (JCC) - 7

**U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION**
150 M Street NE
Washington, DC 20002
202-305-0420

future" the Department could reverse course. Mot. to Intervene at 11, n.3 (emphasis added). Moreover, unlike this case, *Cherokee Nation* involved a favorable determination extending federal recognition to a tribe, which was challenged by a different federally-recognized tribe with competing interests. Thus *Cherokee Nation* is readily distinguishable and Muckleshoot's speculation about the mere *possibility* of a government reversal fails to show that Muckleshoot's interests are inadequately represented.

Next, Muckleshoot points to several differences between the defenses pled in its proposed answer and the United States' answer. *See* Mot. to Intervene at 12. The crux of those purportedly divergent defenses is that the forthcoming administrative record will show that Plaintiffs have failed to exhaust their administrative remedies as to requesting the Interior Board of Indian Appeals to hold an adjudicative hearing to resolve disputed issues of material fact or augment the record. *Id.* For starters, Defendants have not yet lodged the administrative record and the failure to exhaust administrative remedies is not an affirmative defenses required to be pled under Rule 8(c)(1). Further, should Plaintiffs press any arguments regarding unexhausted issues in summary judgment briefing, the United States intends to make any appropriate exhaustion arguments based on the forthcoming administrative record. Regardless of how those arguments play out, a "mere difference of opinion concerning the tactics with which litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party or who are formally represented in the lawsuit." *See Jones v. Prince George's County*, 348 F.3d 1014, 1020 (D.C. Cir. 2003) (internal quotation marks omitted). Here, Defendants' answer should not be read in a vacuum and Muckleshoot's
DEFENDANTS' OPPOSITION TO THE MUCKLESHOOT TRIBE'S
MOTION TO INTERVENE AS A DEFENDANT
CASE NO. 22-CV-0633 (JCC) - 8

**U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION**
150 M Street NE
Washington, DC 20002
202-305-0420

slight difference in litigation tactics is of no moment. In sum, Muckleshoot fails to show that the United States will not adequately represent its interests in this litigation.

## CONCLUSION

For the foregoing reasons, the Court should not permit Muckleshoot to intervene as of right. Rather, the Court limit Muckleshoot's participation in this matter to the role of *amicus* or, alternatively, permit Muckleshoot to intervene by permission.

Dated: August 15, 2022
 Washington, DC

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

By: */s/ Christopher C. Hair*
CHRISTOPHER C. HAIR, Trial Attorney
PA Bar # 306656
United States Department of Justice
Natural Resources Section
4 Constitution Square
150 M Street, NE, Suite 3.1004
Washington, D.C. 20002
Telephone (202) 305-0420
christopher.hair@usdoj.gov

DEVON L. McCUNE, Senior Trial Attorney
CO Bar #33223
United States Department of Justice
Environment & Natural Resources Div.
Natural Resources Section
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
Tel: 303-844-1487
devon.mccune@usdoj.gov

*Attorneys for Defendants*

DEFENDANTS' OPPOSITION TO THE MUCKLESHOOT TRIBE'S
MOTION TO INTERVENE AS A DEFENDANT
CASE NO. 22-CV-0633 (JCC) - 9

**U.S. DEPT. OF JUSTICE**
**ENVIRONMENT & NATURAL**
**RESOURCES DIVISION**
150 M Street NE
Washington, DC 20002
202-305-0420