THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE DUWAMISH TRIBE, *et al.*,<br><br>               Plaintiffs,<br><br>      v.<br><br>DEB HAALAND, *et al.*,<br><br>               Defendants. | CASE NO. C22-0633-JCC<br><br>ORDER |

    This matter comes before the Court on the Muckleshoot Indian Tribe's[1] motion to intervene or, in the alternative, for leave to appear as *amicus curiae* (Dkt. No. 14). Having thoroughly considered the briefing and the relevant record, and finding oral argument unnecessary, the Court GRANTS in part and DENIES in part the Muckleshoot's motion for the reasons explained below.

**I.    Intervention**

    The Muckleshoot seeks to intervene in the Duwamish Tribe's[2] federal recognition suit. (*See* Dkt. No. 14; *see generally* Dkt. No. 2.) This is not the first time the Court has considered this issue; it denied the Muckleshoot's last request. *See Hansen v. Kempthorne,* 2008 WL 11508392, slip op. at 5 (W.D. Wash. 2008). As described more fully below, the Muckleshoot

---

[1] Referenced hereafter as the "Muckleshoot," denoting the federally recognized Indian tribe. *See* 87 Fed. Reg. 4636, 4638 (Jan. 28, 2022).

[2] Referenced hereafter as the "Duwamish," denoting an "Indian tribe with its ancestral home in present-day Seattle and surrounding areas." (*See* Dkt. No. 2 at 4.)

1    provides the Court with no reason to reconsider that decision.

2          A movant has a right to intervene under Federal Rule of Civil Procedure 24(a)(2) where

3    (1) the motion is timely, (2) the movant claims a "significantly protectable" interest relating to

4    the property or transaction which is the subject of the action, (3) the movant is situated so that

5    the disposition of the action may as a practical matter impair or impede its ability to protect that

6    interest, and (4) the movant's interest is inadequately represented by the parties to the action.

7    *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). If a movant fails to

8    establish any of the Rule 24(a)(2) elements, the Court, in its discretion, may grant permissive

9    intervention. *See* Fed. R. Civ. P. 24(b)(1)(B). In doing so, the Court may consider factors

10   including (1) "the nature and extent of the intervenors' interest," (2) whether existing parties

11   adequately represent those interests, (3) "the legal position [intervenors] seek to advance," and

12   (4) "whether parties seeking intervention will significantly contribute to full development of the

13   underlying factual issues in the suit and to the just and equitable adjudication of the legal

14   questions presented." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

15         The Duwamish contend, based on the Court's prior ruling, that the Muckleshoot is

16   precluded from intervening. (*See* Dkt. No. 18 at 2–3 (citing *Hansen,* 2008 WL 11508392, slip

17   op. at 5).) And, according to both the Duwamish and the Government Defendants, if the Court's

18   prior ruling does not preclude intervention, the Muckleshoot lacks the interest necessary to

19   support intervention. (*See* Dkt. Nos. 18 at 3–11, 20 at 4–11.)

20         These contentions all turn on a single issue: Whether the Duwamish is seeking the same

21   relief in the instant suit that it sought in the prior suit. If so, the Muckleshoot lacks an interest

22   supporting intervention, as the Court found that it did the last time. *See Hansen,* 2008 WL

23   11508392, slip op. at 5; *see also U.S. v. Washington*, 593 F.3d 790, 801 (9th Cir. 2010) (finding

24   "good reasons for adhering to the rule that treaty tribes are not entitled to intervene in recognition

25   decisions to protect against possible assertions of treaty rights" because such involvement would

26   "interject[] unnecessary and distracting considerations into recognition proceedings.")

ORDER
C22-0633-JCC
PAGE - 2

1    In attempting to distinguish this from the last case, the Muckleshoot point to the

2    Duwamish's request for a declaratory judgment and mandamus relief—tactics it did not

3    previously employ. (*See* Dkt. No. 14 at 7 (citing Dkt. No. 2 at 35–39, 49).) But these are

4    *mechanisms* for relief. The critical issue is the type of *relief sought*, which remains the same—

5    federal tribal recognition. (*Compare* Case No. C08-0717-JCC, Dkt No. 49, (W.D. Wash. 2011),

6    *with* Case No. C22-0633-JCC, Dkt. No. 2 (W.D. Wash. 2022).)

7    In a further effort to distinguish the two cases, the Muckleshoot point to current

8    allegations regarding the Duwamish's prior treaty dealings and loss of cultural artifacts. (*See*

9    Dkt. No. 14 at 7–8 (citing Dkt. No. 2 at 2, 24–25, 34).) The Muckleshoot argue those allegations

10   suggest a knock-on effect from a recognition determination that would differ from the last one.

11   (*Id.*) These ancillary considerations were equally present in the last recognition challenge, even if

12   not clearly articulated in the earlier complaint. *See* Case No. C08-0717-JCC, Dkt No. 49, (W.D.

13   Wash. 2011). Regardless, in the instant matter, they provide *context*—nothing more. Because the

14   Duwamish still request only tribal recognition, (*see* Dkt. No. 2 at 49–50), intervention in this suit

15   is not warranted. *See, e.g.*, *Greene v. Babbitt*, 64 F.3d 1266, 1270–71 (9th Cir. 1995). If the

16   Duwamish later bring a separate suit seeking either treaty rights or the return of cultural artifacts,

17   and the Muckleshoot is not named as a defendant, intervention may be warranted. But not here.

18   For the reasons described above, the Muckleshoot's motion to intervene, both as of right

19   and on a permissive basis, is DENIED.

20   ## II.    Amicus Curiae

21   Alternatively, the Muckleshoot seeks leave to participate as *amicus curiae*. Specifically,

22   it asks to do so "for the same reasons and on the same terms as the Court granted [in the

23   Duwamish's last recognition challenge]. (Dkt. No. 14 at 13.) District courts have "broad

24   discretion" regarding the appointment of *amici*. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir.

25   1982), abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995). For the same

26   reasons the Court previously found that *amicus curiae* participation was warranted, *see Hansen*

*v. Kempthorne*, 2009 WL 10725425, slip op. at 2 (W.D. Wash. 2009), it does so here.

Accordingly, the Muckleshoot's motion for leave to participate as *amicus curiae* is GRANTED in part. It may file *amicus* briefs responding to motions initiated by the parties, shall receive access to the administrative record on the same terms as the parties, and is bound by the terms of any protective order to be entered by the Court.

DATED this 6th day of September 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C22-0633-JCC
PAGE - 4