UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE DUWAMISH TRIBE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEB HAALAND, et al., <br><br> Defendants. | CASE NO. 22-cv-00633-JCC <br><br> **PARTIES' STIPULATED PROTECTIVE ORDER** |

1. <u>PURPOSES AND LIMITATIONS</u>

Production of the Administrative Record in this action is likely to include confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties, the Plaintiffs, Duwamish Tribe and its Chairwoman Cecile Hansen ("Duwamish Tribe") and Defendants Deb Haaland, *et al.* ("Federal Defendants"), hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order is consistent with LCR 26(c). While, in the interest of efficiency, the Order initially confers a blanket protection on a large category of Administrative Record documents as produced among the parties, it contains a process to ensure that materials or information withheld from public disclosure in judicial proceedings include only the information or items that are entitled to

STIPULATED PROTECTIVE ORDER
CASE NO. 22-CV-00633-JCC - 1

U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
303-844-1487

confidential treatment under the applicable legal principles.

2. <u>"CONFIDENTIAL" MATERIAL</u>

2.1 In order to prepare their cases, the parties will need to assess information in the Administrative Record from the official files of the Office of Federal Acknowledgment ("OFA") and the Department of the Interior ("DOI") relating to the petition for federal acknowledgment submitted by the Duwamish Tribe, including tribal members' genealogical information, names, addresses, age, parentage, marital status, and other personal information that is protected by the Privacy Act, 5 U.S.C. § 552a. The parties wish to protect living individuals referenced in the Administrative Record from unwarranted invasions of personal privacy. This Order refers to such information as "confidential material."

2.2 Plaintiffs or any other party (including an *amicus curiae*) entitled to receive access to the Administrative Record pursuant to court order in this litigation shall treat the entire Administrative Record as confidential material unless: (1) the document is excluded from the definition of "confidential material" in Paragraph 2.3; (2) the parties agree, in writing, that the document does not contain "confidential material"; or (3) the parties or the court determines through the processes set forth in Paragraphs 4.3 and 5.1 that the material in question does not need to be protected under the Privacy Act.

2.3 "Confidential material" shall *not* include Administrative Record documents that the parties agree are in the public domain, including:

- Letter of Intent dated June 7, 1977;
- Federal Register Notice of Letter of Intent dated December 26, 1978;
- "TA Letter" dated April 20, 1990;
- Proposed Finding dated June 18, 1996;
- Federal Register Notice PF dated June 28, 1996;
- Final Determination dated September 25, 2001;
- Federal Register Notice FD dated October 1, 2001;

STIPULATED PROTECTIVE ORDER
CASE NO. 22-CV-00633-JCC - 2

U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
303-844-1487

- *In re Federal Acknowledgement of the Duwamish Tribal Organization,* 37 IBIA 95 (Jan. 4, 2002);
- Secretary's Decision Document dated May 8, 2002;
- Final Decision on Remand dated July 2, 2015;
- Notification Letter to Petitioner dated July 2, 2015;
- Federal Register Notice FDR dated July 8, 2015;
- Final Decision on Remand dated July 24, 2015;
- Federal Register Notice FDR Correction dated July 29, 2015;
- Notification Letter to Petitioner dated July 24, 2015;
- *In re Federal Acknowledgement of the Duwamish Tribal Organization,* 66 IBIA 149 (Apr. 17, 2019);
- Secretary's Decision Document # 2 dated July 17, 2019;
- Any document or record filed in the public docket in *Hansen v. Kempthorne*, No. C08-717-JCC, or *In Re Federal Acknowledgment of the Duwamish Tribal Organization*, Interior Board of Indian Appeals, Nos. IBIA 02-30-A and 16-008; and,
- Any other document or record that the parties agree, in writing, is already in the public domain.

3. SCOPE

The protections conferred by this Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

Likewise, this Order applies only to records and documents (in whatever form) produced by DOI in these proceedings and does not apply to records and documents obtained through other means, including without limitation to any records obtained through the Freedom of Information Act or analogous state law. Nor does this Order apply to records and documents (in whatever form)

STIPULATED PROTECTIVE ORDER
CASE NO. 22-CV-00633-JCC - 3

U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
303-844-1487

in the possession of a person and obtained via means other than DOI's production of the Administrative Record in this case.

4. <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

    4.1    <u>Basic Principles</u>. A receiving party (including an *amicus curiae*) authorized by court order to receive access to the Administrative Record may use confidential material that is disclosed or produced by another party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including any appeals or subsequent related administrative proceedings. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    4.2    <u>Disclosure of Confidential Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

    (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    the court, court personnel, and court reporters and their staff;

    (e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately

STIPULATED PROTECTIVE ORDER
CASE NO. 22-CV-00633-JCC - 4

U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
303-844-1487

return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     Filing Confidential Material

(a) Upon completion of summary judgment briefing in this matter, the parties intend to submit to the Court an appendix of the Administrative Record materials that the parties have relied upon in summary judgment briefing and any additional materials the Court may require. In creating the Administrative Record appendix, the parties will meet and confer regarding which documents in the appendix contain confidential material. Any confidential material will be redacted from the Administrative Record appendix filed on the public docket. Unredacted copies of the documents in the Administrative Record appendix containing confidential material will separately be filed with the Court under seal.

(b) Similarly, to the extent the parties intend to submit confidential material to the Court as attachments or appendices to briefs filed in these Court proceedings, any confidential material will be redacted from public filings, and separate unredacted copy will be filed under seal.

(c) This Protective Order is not intended to prohibit introduction of the confidential material at a court hearing, trial, summary judgment, or other proceeding in this case or in a related administrative proceeding as allowed under the Federal Rules of Evidence. However, in all circumstances and notwithstanding Local Civil Rule 5(g)(2), the confidential material will be filed and maintained under seal, unless otherwise ordered by the Court.

STIPULATED PROTECTIVE ORDER
CASE NO. 22-CV-00633-JCC - 5

U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
303-844-1487

1       (d) Pursuant to Local Civil Rule 5(g)(3)(A), the parties certify that they have met and conferred on August 26, 2022, in an attempt to reach an agreement on the need to file confidential documents contained in the Administrative Record under seal, and to explore the redaction and other alternatives to filing under seal. For example, the parties agreed to exclude from the definition of "confidential material" any documents contained in the Administrative Record that are already in the public domain, as identified in section 2 above. And the parties have created the process identified in Paragraphs 4.3(a) and (b) to ensure only information that is truly confidential is withheld from public disclosure.

      (e) The parties agree that this case is entitled to special treatment due to the prevalence of sensitive information and the volume of filings relating to the petition for federal acknowledgment submitted by the Duwamish Tribe, including tribal members' genealogical information, names, addresses, age, parentage, marital status, and other personal information that is protected by the Privacy Act, 5 U.S.C. § 552a. *See* LCR 5.2(c). The parties further agree that that keeping confidential materials contained in the Administrative Record under seal (i) advances the Duwamish Tribe's and its members legitimate privacy interests, (ii) prevents injury to tribal members that will result if the relief sought is not granted, and (iii) is the only means sufficient to ensure that such injury will not occur, as there are no less restrictive alternatives to the relief sought. *See* LCR 5(g)(3)(B).

      4.4    <u>Nondisclosure of Confidential Information or Items</u>. No person having access to confidential materials shall make public disclosure of them or their contents without further order of this Court, or except as set forth in sections 4.2 or 4.3 or in the case that the individual referenced in the materials agrees to the disclosure in writing prior to the date of disclosure.

      4.5    <u>Non-Party Request for Confidential Information or Items</u>. If a person with access to the Administrative Record other than DOI receives a request, made pursuant to any federal or state law, from any person not subject to this Order for access to or copies of any such confidential information or items provided to the party pursuant to this Order, that person shall not provide

STIPULATED PROTECTIVE ORDER
CASE NO. 22-CV-00633-JCC - 6

U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
303-844-1487

such access or copies but shall refer such request to the OFA for consideration under applicable federal law.

5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

  5.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  5.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without the need for any judicial determinations. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

  5.3 Judicial Intervention. If the parties cannot resolve a challenge without the need for any judicial determinations, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

6. CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

STIPULATED PROTECTIVE ORDER
CASE NO. 22-CV-00633-JCC - 7

U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
303-844-1487

If a person with access to the Administrative Record other than DOI is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "confidential material," that person must:

    (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

7.    <u>UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL</u>

If a receiving party or non-party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving party or non-party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8.    <u>RELEASE OF OBLIGATIONS UNDER PRIVACY ACT</u>

Federal Defendants, their officers, agents, employees and representatives are hereby relieved of any obligation under 5 U.S.C. § 552a(c) to make or keep any accounting of any disclosure except as otherwise provided by this Order, or, under 5 U.S.C. § 552a(e)(8), to provide notice of any disclosure to any individual, made under the authority of this order.

9.    <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals and any further related administrative proceedings, each receiving party (including an amicus curiae) must return

STIPULATED PROTECTIVE ORDER
CASE NO. 22-CV-00633-JCC - 8

U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
303-844-1487

1  all remaining confidential material to the producing party, including all copies, extracts and
2  summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction,
3  and all receiving parties shall be subject to the terms of that agreement.

4  Notwithstanding this provision, counsel are entitled to retain one archival copy of all
5  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,
6  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work
7  product, even if such materials contain confidential material.

8  The confidentiality obligations imposed by this Order shall remain in effect until a
9  designating party agrees otherwise in writing or a court orders otherwise.

10  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
11  DATED this 4th day of October, 2022.

STIPULATED PROTECTIVE ORDER
CASE NO. 22-CV-00633-JCC - 9

U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
303-844-1487

|   |   |
|---|---|
| 1 | K&L GATES LLP |
| 2 |   |
| 3 | By: *s/ Bart J. Freedman (per permission granted on 10/11/2022)* |
| 4 |     Bart J. Freedman, WSBA # 14187 |
|   |     Theodore J. Angelis, WSBA # 30300 |
| 5 |     J. Timothy Hobbs, WSBA # 42665 |
| 6 |     Benjamin A. Mayer, WSBA # 45700 |
|   |     Endre M. Szalay, WSBA # 53898 |
| 7 |     Shelby R. Stoner, WSBA # 52837 |
|   |     Natalie J. Reid, WSBA # 55745 |
| 8 |     925 Fourth Avenue |
|   |     Suite 2900 |
| 9 |     Seattle, Washington  98104-1158 |
| 10 |    Tel: +1 206 623 7580 |
|   |    Fax: +1 206 623 7022 |
| 11 |    Emails: bart.freedman@klgates.com |
| 12 |    theo.angelis@klgates.com |
|   |    tim.hobbs@klgates.com |
| 13 |    ben.mayer@klgates.com |
|   |    endre.szalay@klgates.com |
| 14 |    shelby.stoner@klgates.com |
| 15 |    natalie.reid@klgates.com |
|   | *Attorneys for Plaintiffs* |
| 16 |   |
| 17 | TODD KIM |
| 18 | Assistant Attorney General |
|   | Environment & Natural Resources Division |
| 19 | U.S. Department of Justice |
| 20 |   |
| 21 | By: */s Devon Lehman McCune* |
|   |     Devon Lehman McCune, Senior Attorney |
| 22 |     CO Bar # 33223 |
|   |     Natural Resources Section |
| 23 |     999 18th St., S. Terrace, Suite 370 |
|   |     Denver, CO 80202 |
| 24 |     Tel: +1 303 844 1487 |
|   |     Email: devon.mccune@usdoj.gov |
| 25 |   |
| 26 |     Christopher C. Hair, Trial Attorney |
|   |     PA Bar # 306656 |

STIPULATED PROTECTIVE ORDER
CASE NO. 22-CV-00633-JCC - 10

**U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION**
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
303-844-1487

Natural Resources Section
4 Constitution Square
150 M Street, NE, Suite 3.1004
Washington, D.C. 20002
Tel: +1 202 305 0420
Email: christopher.hair@usdoj.gov

*Attorneys for Defendants*

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED:_____

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER
CASE NO. 22-CV-00633-JCC - 11

**U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION**
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
303-844-1487

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Duwamish Tribe v. Haaland*, No. 22-cv-0633 (JCC). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NO. 22-CV-00633-JCC - 12

U.S. DEPT. OF JUSTICE
ENVIRONMENT & NATURAL
RESOURCES DIVISION
999 18th St., S. Terrace, Suite 370
Denver, CO 80202
303-844-1487