The Honorable John C. Coughenour
Noting Date: November 22, 2022

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

THE DUWAMISH TRIBE, *et al.*,

    Plaintiffs,

v.

DEB HAALAND, *et al.*,

    Defendants.

No. 22-cv-00633-JCC

PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT THE ADMINISTRATIVE RECORD

## I. REQUESTED RELIEF

The administrative record must be sufficient to allow for meaningful review of the conclusions reached by the agency. A sufficient record is critical in this case because the Duwamish Tribe is challenging a decision the Defendants reached on remand after this Court held they failed to explain their prior decision. The Court previously vacated and remanded the final determination of the Bureau of Indian Affairs, an agency of the U.S. Department of the Interior ("Department" or "BIA"), dated September 25, 2001, declining to acknowledge the Duwamish Tribe. *See Hansen v. Salazar*, No. C08-0717-JCC, 2013 WL 1192607 (W.D. Wash. Mar. 22, 2013). The Court vacated that determination because the Department failed to consider the Duwamish under the then current 1994 regulations, while all other pending acknowledgement petitions were considered under the 1994 regulations. *Id.* at *11. The Court concluded this "violated fundamental norms of administrative procedure and was arbitrary and capricious," and

PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT
THE ADMINISTRATIVE RECORD
CASE NO. 22-CV-00633-JCC - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE +1 206 623 7580
FACSIMILE: +1 206 623 7022

remanded to the Department with instructions to either consider the Duwamish under the 1994 regulations or explain why it refused to do so. *Id.*

Remarkably, in 2015, while this case was on remand, the Department again revised its acknowledgement regulations. And, once again, the Department singled out the Duwamish for unique treatment: It refused to consider the Duwamish under the newly revised regulations that became final on July 1, 2015, just a few weeks before the Department issued its corrected Final Decision on Remand dated July 24, 2015 ("FDR"), again declining to acknowledge the Duwamish Tribe. The FDR indicates that all other pending applications were given the benefit of the new 2015 regulations *except* the Duwamish Tribe.

Among other things in this case, the Duwamish Tribe again challenges the Department's differential treatment of the Duwamish Tribe compared to other tribes—in particular, the Department's denial of the Duwamish Tribe's request to apply the 2015 regulations despite permitting all other petitioning tribes to proceed under those regulations. The Tribe also challenges the Department's denial of its request to be considered as a previously acknowledged tribe despite granting the Snoqualmie Tribe's request for the same relief, apparently based on the same historical evidence recognizing both tribes.

In order for the Court to meaningfully review the Department's explanations as to why it treated the Duwamish Tribe differently than similarly situated tribes, the Department must first complete and supplement the administrative record transmitted by the Department on August 31, 2022 ("Administrative Record"). The Duwamish Tribe has not identified any documents in the Administrative Record that specify which tribes were allowed to proceed under the new 2015 regulations, any documents supporting or explaining the Department's differential treatment of the Duwamish Tribe with respect to application of the 2015 regulations, and other documents that demonstrate the federal government's prior recognition of the Duwamish Tribe.

Accordingly, the Duwamish Tribe brings this motion to complete and supplement the Administrative Record with (1) documents that purportedly justify permitting 15 other petitioning

PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT
THE ADMINISTRATIVE RECORD
CASE NO. 22-CV-00633-JCC - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

tribes to proceed under the 2015 regulations, but not the Duwamish Tribe; and (2) documents that purportedly justify the treatment of the Snoqualmie Tribe as a previously recognized tribe, but not the Duwamish Tribe. Alternatively, the Duwamish Tribe requests that the Court consider this extra-record evidence to determine whether the Department considered all relevant factors in declining to acknowledge the Duwamish Tribe.

## II.     ARGUMENT

### A.     Standard to Complete and Supplement the Administrative Record.

In reviewing the lawfulness of an agency action under the Administrative Procedure Act, "the court shall review the whole record." 5 U.S.C. § 706. The "whole administrative record . . . is not necessarily those documents that the *agency* has compiled and submitted as 'the' administrative record." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis in original). Rather, the "'whole' administrative record . . . consists of all documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position." *Id.* (emphasis in original). If documents that "directly concern the outcome of" an agency's decision are missing from the administrative record, "then the record must be supplemented to include those [documents] so that proper judicial review may be conducted." *Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d 1534, 1549 (9th Cir. 1993); *see, e.g.*, *Washington v. U.S. Dep't of State*, No. C18-1115-RSL, 2019 WL 1254876, at *2 (W.D. Wash. Mar. 19, 2019) (concluding that "[t]o the extent the record produced contains only those materials 'in support of' the agency's decision, it is incomplete and must be supplemented"). "Indeed, where the so-called 'record' looks complete on its face . . . but there is a subsequent showing of impropriety in the process, that impropriety creates an appearance of irregularity which the agency must then show to be harmless." *Portland Audubon Soc.*, 984 F.2d at 1548.

Likewise, although judicial review of agency action is generally "limited to review of the record on which the administrative decision was based," *Thompson*, 885 F.2d at 555, courts have adopted "limited exceptions . . . to identify and plug holes in the administrative record." *Lands*

PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT
THE ADMINISTRATIVE RECORD
CASE NO. 22-CV-00633-JCC - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). Specifically, "district courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) if 'the agency has relied on documents not in the record,' (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter,' or (4) 'when plaintiffs make a showing of agency bad faith.'" *Id.* (citation omitted).

**B.  The Department Should Complete and Supplement the Record with Documents Justifying Differential Treatment of the Duwamish Tribe Compared to 15 Other Petitioners Permitted to Proceed under the 2015 Regulations.**

The Department must complete and supplement the record with materials relied on to justify the differential treatment of the Duwamish Tribe and 15 other petitioners for purposes of applying the 2015 regulations. In denying review under the 2015 regulations to the Duwamish Tribe, the Department stated the Duwamish are "not similarly situated to other petitioners 'on hold' pending the issuance of the revised regulations." FDR at 3 (AR 34). The Department, however, did not identify the other petitioners that were put "on hold," and the Administrative Record does not contain any evidence that would support the agency's determination that the Duwamish should be treated differently than these unidentified petitioners.

*1.  The Department treated the Duwamish Tribe differently than 15 other tribes.*

While the Duwamish Tribe's petition was pending before the Department on remand, on May 29, 2014, the Department published in the Federal Register a proposed rule revising its federal acknowledgement regulations. 79 Fed. Reg. 30,766 (May 29, 2014). A few months later, on October 28, 2014, the Duwamish Tribe wrote to the agency, requesting that its petition be put "on hold" in order to be reviewed under the proposed revised regulations. FDR at 3 (AR 34). The Muckleshoot Tribe responded on November 7, 2014, opposing the Duwamish Tribe's request to be considered under the proposed revised regulations. *Id.*

That following year, on July 1, 2015, the Department published in the Federal Register its final rule revising the acknowledgment regulations, to be effective July 31, 2015. *See* 80 Fed. Reg.

PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT
THE ADMINISTRATIVE RECORD
CASE NO. 22-CV-00633-JCC - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

37,862 (July 1, 2015) (codified as 25 C.F.R. pt. 83 (2015)). The final regulations provide that the Department will "notify each petitioner that has submitted complete documented petitions but has not yet received a final agency decision that it *must proceed under these revised regulations* unless it chooses by September 29, 2015[,] to complete the petitioning process under the previous version of the acknowledgment regulations." 25 C.F.R. § 83.7(b) (2015) (emphasis added).

In disregard of its own regulations, the Department *never* notified the Duwamish Tribe that it must proceed under the 2015 regulations unless it expressly requested use of the earlier regulations. *See id.* Instead, on July 24, 2015, the Department issued its FDR declining to acknowledge the Duwamish Tribe—and, for the first time, expressly denied the Tribe's 2014 request to be considered under the 2015 regulations. FDR at 3 (AR 34). According to the Department, the Duwamish Tribe was "not similarly situated to other petitioners 'on hold,'" because, among other reasons, (1) the Duwamish Tribe had already "exhausted the Part 83 process" and was the "only petitioner on remand," (2) review under the 2015 regulations would be futile, and (3) the Department "determined that its resources are better allocated to petitioners who have yet to receive a final agency decision." *Id.* The referenced "final agency decision," of course, had been vacated by this Court as arbitrary and capricious.

A few months after the Department issued its FDR, on February 25, 2016, the Duwamish Tribe requested documents pursuant to a Freedom of Information Act ("FOIA") request, including (1) "[a]ll documents referring or relating to the suspension of various tribes' petitions for Federal Acknowledgement in light of the recent changes made to the criteria" and (2) "[a]ll documents referring or relating to any consideration by the [Department] of how the new [2015] regulations would apply to the Duwamish Tribe." Response to 2016 FOIA Request at 3, Declaration of Benjamin A. Mayer ("Mayer Decl."), Ex. A.

More than six years later, and only after this action was filed, on October 3, 2022, the Duwamish Tribe received the Department's response to the outstanding FOIA requests. *Id.* at 3–

PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT
THE ADMINISTRATIVE RECORD
CASE NO. 22-CV-00633-JCC - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

4. The Department released redacted records that are responsive to these requests "subject to FOIA Exemption 5 (deliberative process privilege and attorney-client privilege)." *Id.*

The following week, on October 13, 2022, the Duwamish Tribe notified the Department that as a result of its recent FOIA response, the Tribe has learned that there were at least 15 other petitioners that had submitted complete petitions but had not yet received a final agency decision as of July 1, 2015—just like the Duwamish Tribe.[1] *See* Notice, Mayer Decl., Ex. B. The Department apparently sent all 15 petitioners letters on or before August 31, 2015, notifying them that they "*must* proceed under [the 2015] regulations unless [they] choose[] . . . to complete the petitioning process under the previous version of the . . . regulations," pursuant to 25 C.F.R. § 83.7(b) (emphasis added). *See, e.g.*, BIA Letter to Pamunkey Indian Tribe, dated August 31, 2015, Mayer Decl., Ex. C. In other words, the Duwamish Tribe was the *only* petitioner that had a pending, complete petition as of July 1, 2015, that was not required—indeed, *not permitted*—to proceed under the 2015 regulations. Accordingly, the Duwamish Tribe requested that the Department "complete the record with all documents the agency relied upon in distinguishing between the Duwamish and other petitioning tribes for purposes of applying the 2015 regulations." Notice, Mayer Decl., Ex. B.

On October 19, 2022, the Department responded to the Duwamish Tribe's October 13 email, explaining that it "do[es] not have additional documents to add to the record" because the FDR "contains an explanation of the agency's determination and does not rely on additional documents not already contained in the administrative record." *Id*.

    2.    *Completion and Supplementation of the Administrative Record is warranted.*

To allow for meaningful judicial review, the Department should be required to complete

---

[1] These 15 petitioning tribes included: Pamunkey Indian Tribe; Tolowa Nation; Southern Sierra Miwuk Nation; Georgia Tribe of Eastern Cherokee; Amah Mutsun Band of Ohlone/Costanoan Indians; Grand River Bands of Ottawa Indians; Muscogee Nation of Florida; Piro-Manso-Tiwa Indian Tribe of the Pueblo of San Juan de Guadalupe; San Fernando Tataviam Band of Mission Indians; Meherrin Indian Tribe; United Houma Nation, Biloxi, Chitimacha Confederation of Muskogees, Inc.; Point-au-Chien Indian Tribe; Little Shell Chippewa Indians of Montana; and Juaneno Band of Mission Indians, Acjachemen Nation.

PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT
THE ADMINISTRATIVE RECORD
CASE NO. 22-CV-00633-JCC - 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

and supplement the record with documents justifying the differential treatment of the Duwamish Tribe with respect to application of the 2015 regulations. The Duwamish Tribe has not identified any documents in the Administrative Record explaining (1) why the Department may reject the plain terms of 25 C.F.R. § 83.7(b) by denying the Duwamish Tribe's request to be considered under the 2015 regulations; (2) why the 15 other petitioning tribes that had pending petitions as of July 1, 2015, are "not similarly situated" to the Duwamish Tribe; or (3) why the Department may treat the Duwamish Tribe differently than these 15 other petitioning tribes. *See Thompson*, 885 F.2d at 555 ("The "whole" administrative record contains not just the "documents that the *agency* has compiled and submitted as 'the' administrative record," but also those "materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position.").

Challenging that position, the Department maintains that it did "not rely on additional documents not already contained in the administrative record." *See* Notice, Mayer Decl., Ex. B. However, the Department has not identified *which* documents (or even *which category* of documents) it relied on to reach its conclusion that the Duwamish Tribe could be singled out for differential treatment, as compared to these 15 other petitioners who were permitted to proceed under the 2015 regulations. Even assuming that some of these documents are contained in the Administrative Record, the Department's failure to identify which documents or categories of documents it relied on renders it impossible to determine whether these materials are included in the Administrative Record or not.

To the extent that the Department has withheld or redacted a subset of documents from the Administrative Record pursuant to an applicable privilege, the Department must explain why it is withholding the protected material and provide a privilege log. *See* Response to 2016 FOIA Request at 3–4, Mayer Decl., Ex. A; *see, e.g.*, *Inst. for Fisheries Res. v. Burwell*, No. 16-cv-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017) (concluding "the government is wrong to assert that [certain] types of materials, as a categorical matter, should be excluded from the"

PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT
THE ADMINISTRATIVE RECORD
CASE NO. 22-CV-00633-JCC - 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Administrative Record, including "internal comments, draft reports, inter- or intra-agency emails, revisions, memoranda, or meeting notes [that] inform an agency's final decision").[2] The privilege log should identify which documents have been withheld or redacted, the claimed privilege and summary, the privilege date, and the privilege author(s), recipient(s), and copyee(s).

The Duwamish Tribe, after waiting more than *40 years* "for a decision as significant as whether [it] qualifies for federal acknowledgment as an Indian tribe," is left to wonder why the Department ignored the plain terms of 25 C.F.R. § 83.7(b) or why the Department continues to treat the Duwamish Tribe differently than similarly situated petitioners. *See Hansen*, 2013 WL 1192607, at *10. Similar to the Court's previous ruling, "[t]his is particularly so when one considers that of the fifteen petitioners" that had pending petitions when the Department adopted new regulations on July 1, 2015, "the Duwamish are the *only* group whose petition was not considered [or allowed to be considered] under those regulations." *Id.* (emphasis added).

The Duwamish Tribe respectfully requests that the Court require the Department to complete and supplement the Administrative Record with all materials it relied on, directly or indirectly, to justify its refusal to consider the Duwamish Tribe under the 2015 regulations. The Department should also be required to provide a privilege log of any such documents that it has withheld or redacted pursuant to an applicable privilege.

**C.    The Administrative Record Should be Supplemented with Documents Justifying the Differential Treatment of the Snoqualmie Tribe as a Previously Federally Acknowledged Tribe.**

Additionally, the Department must supplement the record with any materials it relied on to justify the differential treatment of the Duwamish and the Snoqualmie Tribes for purposes of the "previous federal acknowledgement" regulations under former 25 C.F.R. § 83.8 (1994).

---

[2] The Duwamish Tribe notes certain irregularities with respect to the Department's redactions. For example, the BIA letters that were sent to the 15 petitioners in 2015 redact the names of the individuals who received a copy of the BIA letters, identified under "Enclosures." *See, e.g.*, Mayer Decl., Ex. C. The Department claims that FOIA Exemption 5 applies (deliberative process or attorney-client privilege); but it is unclear why these individuals' names are privileged or why the privilege would apply after the letters were sent to third-party petitioners. *See Portland Audubon Soc.*, 984 F.2d at 1548 (concluding that a "showing of impropriety in the process . . . creates an appearance of irregularity which the agency must then show to be harmless").

PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT
THE ADMINISTRATIVE RECORD
CASE NO. 22-CV-00633-JCC - 8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

    *1.    The Department treated the Duwamish Tribe differently than the Snoqualmie Tribe.*

Through at least the 1950s, both the Duwamish and Snoqualmie Tribes were considered to be "non-reservation tribes with public domain allotments" by Congress and the Department. *See* Final Determination for Federal Acknowledgement of the Snoqualmie Tribal Organization dated August 22, 1997 ("Snoqualmie Final Determination"), SNQ-V001-D006 at 50 n.40.[3] This evidence of recognition culminated in the classification of the Duwamish and Snoqualmie Tribes as "tribes" on two separate tables in House Report 2503 published in 1953: (1) a table entitled "Indian Tribal Governing Bodies, Tribal governments at present recognized by the Indian Bureau," and (2) a table entitled "Alphabetical list of Indian Tribal Organizations—Non-IRA." *Id.*; *see also* PF Historical Technical Report ("HTR") at 66–68 (AR 2914–16).

Yet, in denying the Duwamish petition and in granting the Snoqualmie petition in the 1990s, the Department distinguished the evidence previously recognizing the Duwamish Tribe:

> Although the Duwamish are listed from time to time as a "public domain tribe," *there is no evidence except their inclusion on some lists to support a conclusion that they also were dealt with as a tribe* . . . These lists, apparently compiled by the [congressional] committee staff rather than the BIA, *are less definitive than the BIA's own listings, which did not include Duwamish in this category*.

Snoqualmie Final Determination, SNQ-V001-D006 at 51 n.43 (emphasis added). The Department further concluded:

> For Duwamish, . . . *there is not the extensive, clear cut documentation supporting their recognized status equivalent to that of the Snoqualmie* (cf. Duwamish PF, History Report, 57-60). *They are only represented on lists*.

*Id.* at 53 n.50 (emphasis added). At the same time, however, the Department concedes that after the "congressional committee sent the [BIA] questionnaires about 'each tribal organization within [its] scope'" in 1953, its own agent, Superintendent Raymond Bitney "appeared to include the 'Duwamish Tribe' among the 36 'Tribes, Bands or Groups' on reservations and the public domain that he considered to be under his jurisdiction." *See* PF HTR at 68 (AR 2916). The "Questionnaire

---

[3] The Snoqualmie Final Determination, labeled as SNQ-V001-D006, is available online at https://www.bia.gov/sites/default/files/dup/assets/as-ia/ofa/petition/020_snoqlm_WA/020_fd.pdf.

PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT
THE ADMINISTRATIVE RECORD
CASE NO. 22-CV-00633-JCC - 9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

on Tribal Organizations" completed by Superintendent Bitney and sent to Congress on June 5 and 26, 1953, in fact shows that the Duwamish Tribe had been under BIA jurisdiction since at least 1934—with its tribal constitution, tribal corporate charter, tribal rolls, and tribal land records on file with the Department's Washington office and/or D.C. headquarters by 1953. BIA Correspondence Related to Questionnaires on Tribal Organizations, Mayer Decl., Ex. D (PFR-HPF-V003-D0156–PFR-HPF-V003-D0158). By contrast, only the Snoqualmie Tribe's tribal council minutes were on file with the Department by 1953. *Id*. at 3.

The Department similarly concedes that the Duwamish Tribe, along with the Snoqualmie Tribe, were both included on several listings of "tribes" in the preceding decade, which were compiled by Congress and the BIA:

> The Duwamish Tribal Organization *appears on a few of the lists of "tribes" with which the agency was dealing in the early 1940's* (Upchurch 1940b; Tulalip Agency 1941, 1943; Upchurch 1943f; U.S. House of Representatives, 1944).

Snoqualmie Final Determination, SNQ-V001-D006 at 53 n.50. Even a cursory review of the Administrative Record in this case demonstrates that the federal government's prior recognition of the Duwamish, like that of the Snoqualmie, went well beyond mere lists. *See, e.g.*, Selected Duwamish Correspondence with BIA from 1939 to 1946, Mayer Decl., Ex. E (PFD-V004-D0012); Congressional Hearing Minutes dated Oct. 1, 1944, Mayer Decl., Ex. F (PFR-HPF-V003-D0083) (showing congressional committee met with Duwamish and Suquamish representatives, among other tribes, to "fully understand the wishes of each tribe").

Given the Department's differential treatment of the Duwamish and Snoqualmie Tribes decades later, the Duwamish Tribe requested documents pursuant to yet another FOIA request dated February 25, 2022, including two categories of documents cited in the Snoqualmie Final Decision, which were excluded from the Administrative Record in this case: (1) "[r]ecords of or relating to the 1952 'withdrawal planning document for non-reservation tribes with public domain allotments,'" and (2) "[r]ecords of or relating to the '1952 listing of claims organizations.'" Response to 2022 FOIA Request at 2, Mayer Decl., Ex. G. The Department responded that it "will

PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT
THE ADMINISTRATIVE RECORD
CASE NO. 22-CV-00633-JCC - 10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

dispatch a final determination" regarding this FOIA request "after June 1, 2022." *Id.* at 3. To date, the Duwamish Tribe has yet to receive a determination with respect to these documents.

On September 28, 2022, the Tribe notified the Department that the Administrative Record should be supplemented with several documents cited in the Snoqualmie Final Decision from the 1940s and 1950s. *See* SNQ-V001-D006 at 50 n.40; Notice, Mayer Decl., Ex. B. On October 6, 2022, the Department responded that these documents were not cited in the Department's decisions concerning the Duwamish Tribe and "therefore were not considered by the agency during the Duwamish decision and are not at issue here." *Id*. Nevertheless, the Department clarified that at least some of the documents cited in the Snoqualmie Final Decision also appear in the Administrative Record in this case:

- Documents cited in the Snoqualmie Final Decision as "Western Washington Agency 1952," which is a Memorandum from the BIA Commissioner regarding "Withdrawal programming" dated August 5, 1952, labeled PFR-HPF-V003-D0153–PFR-HPF-V003-D0156;
- A document cited in the Snoqualmie Final Decision as "U.S. House of Representatives, 1944," which allegedly "references the Duwamish alongside references to various other tribes that appeared before a congressional committee" in 1944, labeled as PF-HPF-V003-D0083.[4] *Id.*

2. *Supplementation of the Administrative Record, or consideration of documents as extra-record evidence, is warranted.*

The Department should be required to supplement the record with documents justifying the differential treatment of the Duwamish and Snoqualmie Tribes for purposes of former 25 C.F.R. § 83.8 (1994). Acknowledging that the Department took great pains to distinguish the Duwamish and Snoqualmie Tribes—apparently based on the same "lists" or other documentation as evidence of prior federal recognition—the Department must have at least *indirectly* considered the documents that were cited in the Snoqualmie Final Decision, but not in the Duwamish FDR.

---

[4] This document appears to be Congressional hearing minutes from October 1, 1944—not a Congressional "list" of Washington tribes from 1944. Nevertheless, because the produced version of these hearing minutes are largely illegible, the Duwamish Tribe requests that the Department supplement the Administrative Record with a legible copy of this document, labeled as PFR-HPF-V003-D0083. *See id.*, Mayer Decl., Ex. F.

PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT
THE ADMINISTRATIVE RECORD
CASE NO. 22-CV-00633-JCC - 11

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

*See Thompson*, 885 F.2d at 555. In light of the Department's October 6 response, the Duwamish Tribe maintains that the following documents should be included in the Administrative Record:

- Documents cited in the Snoqualmie Final Decision as "Western Washington Agency 1952," which include (1) a l951 list of tribal councils; (2) two 1951 letters; and (3) a 1952 list of claims organizations. *See* SNQ-V001-D006 at 50 n.40;

- Documents cited in the Snoqualmie Final Decision as "Upchurch 1940b" and "Upchurch 1943f," which list the Duwamish as a "tribe";

- Documents cited in the Snoqualmie Final Decision as "Tulalip Agency 1941" and "Tulalip Agency 1943," which list the Duwamish as a "tribe";

- A document cited in the Snoqualmie Final Decision as "U.S. House of Representatives, 1944," which lists the Duwamish as a "tribe";

- A *legible* version of the "Investigate Indian Affairs, Part 3, by Committee on Indian Affairs, Hearings, 78 Cong., Oct. 1, 1944," which is currently included in the Administrative Record, labeled as PFR-HPF-V003-D0083.

Alternatively, the Duwamish Tribe requests that the Court admit these documents as extra-record evidence "to determine 'whether the agency has considered all relevant factors and has explained its decision.'" *Lands Council*, 395 F.3d at 1030 (citation omitted).

### III.  CONCLUSION

The Duwamish Tribe respectfully requests that the Court require the Department to complete and supplement the Administrative Record with (1) documents that purport to justify permitting 15 other petitioners to proceed under the 2015 regulations, but not the Duwamish Tribe; and (2) documents that purportedly justify the treatment of the Snoqualmie Tribe as a previously recognized tribe, but not the Duwamish Tribe. The Duwamish Tribe further requests that the Department provide a privilege log of all documents it has withheld from the record pursuant to any applicable privilege.

Alternatively, the Duwamish Tribe requests that the Court consider this extra-record evidence to determine at the merits stage whether the Department considered all relevant factors in declining to acknowledge the Duwamish Tribe.

PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT
THE ADMINISTRATIVE RECORD
CASE NO. 22-CV-00633-JCC - 12

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  DATED this 21st day of October, 2022.

Respectfully Submitted,

K&L GATES LLP

By:  s/ *Bart J. Freedman*
Bart J. Freedman, WSBA # 14187
Theodore J. Angelis, WSBA # 30300
J. Timothy Hobbs, WSBA # 42665
Benjamin A. Mayer, WSBA # 45700
Endre M. Szalay, WSBA # 53898
Shelby R. Stoner, WSBA # 52837
Natalie J. Reid, WSBA # 55745
925 Fourth Avenue
Suite 2900
Seattle, Washington  98104-1158
Tel: +1 206 623 7580
Fax: +1 206 623 7022
Emails: bart.freedman@klgates.com
theo.angelis@klgates.com
tim.hobbs@klgates.com
ben.mayer@klgates.com
endre.szalay@klgates.com
shelby.stoner@klgates.com
natalie.reid@klgates.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT
THE ADMINISTRATIVE RECORD
CASE NO. 22-CV-00633-JCC - 13

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christopher C Hair
US DEPARTMENT OF JUSTICE
(ENRD - M ST)
150 M ST NE
WASHINGTON, DC 20002
christopher.hair@usdoj.gov

Devon Lehman McCune
US DEPARTMENT OF JUSTICE
ENRD NATURAL RESOURCES DIVISION
999 18TH STREET
SOUTH TERRACE, STE 370
DENVER, Co 80202
Devon.McCune@usdoj.gov

Danielle L Bargala
OFFICE OF THE TRIBAL ATTORNEY (MUCKLESHOOT)
MUCKLESHOOT INDIAN TRIBE
39015-B 172ND AVE SE
AUBURN, WA 98092
danielle.bargala@muckleshoot.nsn.us

Richard Reich
OFFICE OF THE TRIBAL ATTORNEY (MUCKLESHOOT)
MUCKLESHOOT INDIAN TRIBE
39015-B 172ND AVE SE
AUBURN, WA 98092
rreich@muckleshoot.nsn.us

Robert Leighton Otsea , Jr.
OFFICE OF THE TRIBAL ATTORNEY (MUCKLESHOOT)
MUCKLESHOOT INDIAN TRIBE
39015-B 172ND AVE SE
AUBURN, WA 98092
rob.otsea@muckleshoot.nsn.us

Mary Michelle Neil
MUCKLESHOOT INDIAN TRIBE
39015 172ND AVE SE
AUBURN, WA 98092-9763
mary.neil@muckleshoot.nsn.us

Mason D. Morisset
Thane D. Somerville
MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE PC
811 First Avenue, Suite 218
Seattle, WA 98104
Tel: 206-386-5200
m.morisset@msaj.com
t.somerville@msaj.com

SIGNED at Seattle, Washington this 21st day of October 2022.

*/s/ Heather Halverson*
Heather Halverson
Sr. Practice Assistant

PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT THE ADMINISTRATIVE RECORD
CASE NO. 22-CV-00633-JCC - 14

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022