THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE DUWAMISH TRIBE, *et al.*, | CASE NO. C22-0633-JCC |
| Plaintiffs, | ORDER |
| v. | |
| DEB HAALAND, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' motion to complete and supplement the Administrative Record (Dkt. No. 34). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion in part for the reasons explained below.

I.      **BACKGROUND**

This is the second time this Court has reviewed a U.S. Department of the Interior ("Department") decision declining to acknowledge the Duwamish Tribe[1]. In 2013, the Court vacated and remanded a 2001 decision declining to acknowledge the Duwamish, with instructions to the Department to apply what, at the time, was its most current regulations, which

---

[1] Referenced hereafter as the "Duwamish," denoting an "Indian tribe with its ancestral home in present-day Seattle and surrounding areas." (*See* Dkt. No. 2 at 4.)

ORDER
C22-0633-JCC
PAGE - 1

were published in 1994. *See Hansen v. Salazar*, 2013 WL 1192607, slip op. at 3 (W.D. Wash. 2013).[2] The Department did as the Court instructed. *See* Final Decision on Remand Against Federal Acknowledgment of the Duwamish Tribal Organization, 80 Fed. Reg. 45230 (July 29, 2015) ("FDR"). However, before this decision became final, the Department again revised its regulations. *See* Federal Acknowledgment of American Indian Tribes, 80 Fed. Reg. 37862-01 (July 1, 2015) ("2015 regulations").[3]

After applying the 1994 regulations, the Department again declined to acknowledge the Duwamish. *See generally* FDR. The Interior Board of Indian Appeals upheld this decision, which the Secretary affirmed. *See generally* 66 IBIA 149 (April 2019). This suit followed. (*See generally* Dkt. No. 2.)

Plaintiffs assert claims pursuant to the Administrative Procedure Act ("APA") and the Declaratory Judgment Act. (*Id.* at 35–39, 45–49.) They also seek mandamus relief. (*Id.* at 37–45.) Amongst other things, Plaintiffs contend that, in again declining to acknowledge the Duwamish, the Department applied the 1994 regulations in an arbitrary and capricious manner and, by refusing to apply the 2015 regulations to the Duwamish, the Department violated the Duwamish's Equal Protection and Due Process rights. (*Id.* at 39–45.)

Following Plaintiffs filing of an amended complaint, the Department transmitted the certified Administrative Record to Plaintiffs in August 2022. Plaintiffs—after comparing the Record to publicly available materials and information received through Freedom of Information

---

[2] The Department asserts this order was no more than a "limited remand" of its 2001 determination. (Dkt. No. 46 at 3.) Not so. While the Court did remand with specific instructions, it first "vacated" the determination. *Hansen*, 2013 WL 1192607, slip op. at 11.

[3] In 2014, in anticipation of these new regulations, the Duwamish asked that its petition be put on hold, to be considered under the new regulations. *See* FDR at 3. The Department declined to do so. *Id.*

ORDER
C22-0633-JCC
PAGE - 2

Act requests, and discussing the adequacy of the record with the Department—now move for an order compelling the Department to complete and supplement the record. (*See generally* Dkt. No. 34.)

Plaintiffs ask the Court to compel the Department to (a) **complete** the Administrative Record with materials relied on to support applying the 2015 regulations to certain petitioners but not the Duwamish, and (b) **supplement** the Administrative Record with materials cited in the record of decision for another acknowledgment decision which the Department did not consider here. (*Id.* at 4–12.) The Duwamish contend that without these materials, the Court cannot engage in meaningful judicial review in accordance with the APA. (*See* Dkt. No. 39 at 6.)

## II.   DISCUSSION

The touchstone for any APA case is the record upon which the agency based its decision, *i.e.*, the administrative record. Accordingly, the "whole record" must "include everything before the agency pertaining to the merits of its decision." *Goffney v. Becerra*, 995 F.3d 737, 747 (9th Cir. 2021) (cleaned up); *see* 5 U.S.C. § 706. This includes materials "indirectly considered" and materials "contrary to the agency's position." *Thompson v. U.S. Dept. of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). Without a complete administrative record, a reviewing court cannot fully assess the lawfulness of an agency's action. *Id.* Anything less "must be viewed as a fictional account of the actual decisionmaking process." *Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993) (internal quotation marks and citations omitted).

### A.  Completion of Administrative Record

Plaintiffs identify 15 petitions, other than the Duwamish, pending when the Department applied the new regulations. (*See* Dkt. No. 35-1 at 12.) To all, except the Duwamish, the

ORDER
C22-0633-JCC
PAGE - 3

1   Department applied the new regulations.[4] (*Id.*) The Department deemed the Duwamish petition,

2   unlike the others, not eligible for consideration under the new regulations because it "already

3   proceeded to a [final determination]" at the time the regulations were published and/or effective.

4   FDR at 3.

5          The Department says this is all the Court needs to engage in judicial review—no

6   materials associated with this disparate treatment need be included in the Administrative

7   Record—because the Department clearly articulated its rationale in the record of decision. (*See*

8   Dkt. No. 46 at 10.) Moreover, the Department points out that this, like any administrative record

9   is entitled to a presumption of completeness. (Dkt. No. 38 at 3–4.) The Court agrees, but notes

10  that the presumption can be rebutted by "clear evidence to the contrary." *In re U.S.,* 875 F.3d

11  1200, 1206 (9th Cir. 2017), *vacated on other grounds*, 138 S. Ct. 443 (2017).

12         Here, Plaintiffs provide the Court with exhibits suggesting that the Department possesses

13  materials relevant to the issue of why it treated those 15 other petitions differently from the

14  Duwamish. (*See* Dkt. Nos. 40-1–40-6, 44–44-2.) Much is heavily redacted, (*id.*), but what is not

15  suggests the Department relied on, *or at least considered,* such materials, to some extent, in

16  deciding to differentially treat the Duwamish. (*See, e.g.*, Dkt. Nos. 40-1 ("Duwamish (DTO)

17  request for consideration under new Part 83"), 40-2 ("draft rollout plans with Q&A for

18  Pamunkey and Duwamish"), 40-4 (question regarding resubmission of the Duwamish petition

19  "under the new regulations").) Nevertheless, these materials were not included in the

20  Administrative Record.

21         This clearly evinces an incomplete Administrative Record, at least with respect to the

22  _____

23  [4] This is consistent with those regulations, which provide that a completed petition
    pending "a final agency decision *must* proceed under these revised regulations unless it chooses

24  . . . to complete the petitioning process under the [1994] regulations." 25 C.F.R. § 83.7(a), (c)
    (emphasis added).

25  ORDER
    C22-0633-JCC

26  PAGE - 4

1   issue of the Duwamish's eligibility to proceed under the 2015 regulations. For this reason, the

2   Department must include the materials referenced above in the Administrative Record, and any

3   other materials it considered when determining that, unlike these 15 other petitioners, the

4   Duwamish was not entitled to consideration under the 2015 regulations. Otherwise, the

5   Administrative Record is incomplete. To the extent any materials reflect the deliberative process,

6   *see In re U.S. Dept. of Educ.*, 25 F.4th 692, 699 (9th Cir. 2022) (such materials need not be

7   included in an administrative record), "the proper strategy isn't pretending certain materials were

8   not considered, but withholding or redacting them *and then logging the privilege*." *Inst. for*

9   *Fisheries Resources v. Burwell*, 2017 WL 89003, slip op. at 1 (N.D. Cal. 2017) (cleaned up and

10  emphasis added) (citing *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984)).

## B.  Supplementation of Administrative Record

12         In 1997, the Department approved the Snoqualmie Tribe's petition, applying the same

13  regulations it applied here. *See* Final Determination for Federal Acknowledgment of the

14  Snoqualmie Tribal Organization dated August 22, 1997, ("Snoqualmie FD") SNQ-V001-D006;[5]

15  *see also* Final Determination to Acknowledge the Snoqualmie Tribal Organization, 62 Fed. Reg.

16  45864 (August 29, 1997) (notice of final determination). In that decision, the Department cited

17  documents which might support the notion that the Duwamish satisfied the "previous federal

18  acknowledgment" requirements articulated in the Department's acknowledgment regulations.

19  *See, e.g.*, Snoqualmie FD at 50 n.40. Nevertheless, the Department did not include all of these

20  documents in the Administrative Record, (*see* Dkt. No. 34 at 12 (listing the documents at issue)).

21         In general, supplementation of an administrative record is appropriate if needed for the

22  Court to determine "whether the agency has considered all relevant factors and has explained its

---

24         [5] *Available at* https://www.bia.gov/sites/default/files/dup/assets/as-ia/ofa/petition/
020_snoqlmWA/020_fd.pdf.

decision." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (internal citation and quotation marks omitted).

Historical documents and other evidence from the Snoqualmie determination, which may be relevant to the Duwamish's compliance with components of the appicable acknowledgment regulations, should be included in the Administrative Record. Otherwise, the Court lacks a full picture of the issues at hand. Therefore, the Administrative Record must be supplemented with such materials.

**III.   CONCLUSION**

For the reasons described above, Plaintiffs' motion (Dkt. No. 34) is GRANTED in part. The Department is ORDERED within thirty days from the date of this Order, to complete and supplement the Administrative Record with the following documents:

- All documents in the Department's possession relating to its decision to differentially apply the 2015 regulations to the Duwamish;

- Documents cited in the Snoqualmie FD as "Western Washington Agency 1952," which include (1) a 1951 list of tribal councils; (2) two 1951 letters; and (3) a 1952 list of claims organizations. *See* Snoqualmie FD at 50 n.40;

- Documents cited in the Snoqualmie FD as "Upchurch 1940b" and "Upchurch 1943f," which list the Duwamish as a "tribe";

- Documents cited in the Snoqualmie FD as "Tulalip Agency 1941" and "Tulalip Agency 1943," which list the Duwamish as a "tribe";

- A document cited in the Snoqualmie FD as "U.S. House of Representatives, 1944," which lists the Duwamish as a "tribe;" and

- A legible version of the "Investigate Indian Affairs, Part 3, by Committee on Indian Affairs, Hearings, 78 Cong., Oct. 1, 1944," which is currently included in the Administrative Record, labeled as PFR-HPF-V003-D0083.[6]

The Department is FURTHER ORDERED to include these documents in a completed and

---

[6] To the extent it does not possess such a version, the Department need not endeavor to acquire one. (*See* Dkt. No. 38 at 11.)

supplemented Administrative Record in unredacted form, unless those materials are withheld or redacted pursuant to an applicable privilege. If the Department believes such a privilege applies, it must provide Plaintiffs with a log identifying: (1) the documents the Department has redacted or withheld, (2) the claimed privilege and summary, (3) the privilege date, and (4) the privilege author(s), recipient(s), and copyee(s).

To the extent either party believes that complying with this Order will require an adjustment to current case management deadlines, they are DIRECTED to meet and confer and jointly propose modifications to the Scheduling Order (Dkt. No. 25).

DATED this 9th day of February 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C22-0633-JCC
PAGE - 7